UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| TERRANCE D. HALIBURTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-23-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| JOE BURCHETT, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\*

Terrance D. Haliburton, an individual incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2] The Court has granted his request to pay the filing fee in installments pursuant to 28 U.S.C. § 1915 by separate Order. Having reviewed the Complaint,[1] the Court must dismiss it because Haliburton's claims are time-barred by the applicable statute of limitations.

In his Complaint, Haliburton alleges that on May 11, 2008, while incarcerated at the Boyd County Detention Center in Catlettsburg, Kentucky, he was stabbed multiple times by another inmate with a known history of psychological problems. [R. 2-1 at pg. 1] Haliburton further alleges

---

[1] The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

that in the weeks prior to the stabbing, the inmate repeatedly displayed aggressive and irregular behavior towards staff, and complained that medical staff were not providing him with the daily medications prescribed to control his mood, but that no disciplinary or corrective action was taken. After the assault, Haliburton was hospitalized and spent two days in recovery before returning to an isolation cell at the detention center. Haliburton contends that the Defendants were negligent in failing to protect him from being assaulted by the inmate. [R. 2-1 at pg. 2]

Federal law requires a plaintiff to file a civil rights action within the applicable statute of limitations period. "For purposes of determining applicable statutes of limitations in *Bivens* actions, we apply the most analogous statute of limitations from the state where the events giving rise to the claim occurred." *Baker v. Mukasey*, 287 F. App'x 422, 424 (6th Cir. 2008). In Kentucky, the applicable statute to be borrowed for civil rights claims is the one-year statute of limitations for tort claims found in Ky. Rev. Stat. § 413.140(1)(a). *See Baker*, 287 F. App'x at 424; *Fox v. DeSoto*, 489 F.3d 227, 232-33 (6th Cir. 2007). The statute of limitations begins to run when the plaintiff knew or had reason to know of the injury that provides the basis for his claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005) (a statute of limitations begins to run when a plaintiff has reason to know of the alleged constitutional injury). Here, the plaintiff's claim - based upon an assault that occurred on May 11, 2008 - accrued on that date. *Wells v. Jefferson County Sheriff Dept.*, 25 F. App'x 142, 142 (6th Cir. April 25, 2002) (statute of limitations on failure-to-protect claim begins to run on date of alleged assault by fellow inmate). Because Haliburton did not file this action until March 10, 2010, more than one year after May 11, 2008, his claims are time-barred, and the Complaint will be dismissed with prejudice.

Accordingly, it is **ORDERED** that:

1. Haliburton's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate Judgment.

May 17, 2010.



Signed By:
Henry R Wilhoit Jr.
United States District Judge